[Crim. Nos. 3142, 3143. Fifth Dist. Jan. 15, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN HAROLD FORD, JR., Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Part I of this opinion is not certified for publication. (See Cal. Rules of Court, rules 976 and 976.1.)

## COUNSEL

Sanders & Ward and Michael J. Ward for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert D. Marshall and Eileen Ceranowski, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HAMLIN, J.**—Defendant John Harold Ford, Jr., and two codefendants, Billie Rae Ford, defendant's wife, and Mark Johnson, were charged with violating section 11351 of the Health and Safety Code,[2] possession of cocaine for sale, and section 11359, possession of marijuana for sale. The trial court granted defendant's Penal Code section 995 motion challenging the sufficiency of the evidence to sustain the possession of cocaine for sale

---

[2]All further references are to the Health and Safety Code unless otherwise indicated.

charge. Additionally, the trial court granted defendant's motion for the return of $1,550 cash seized from his pockets at the time of his arrest. Following a jury trial, defendant was convicted of the remaining charge of possession of marijuana for sale. The trial court sentenced defendant to the midterm of two years in state prison. Based on that conviction, the court also revoked defendant's probation for a prior conviction of the same offense and sentenced him to prison for the midterm of two years, to run concurrently with sentence imposed on the new conviction. Defendant appeals.

On appeal, defendant contends the failure of the Stanislaus County Drug Enforcement Unit (hereafter Drug Enforcement Unit) to disclose the names of all agents physically present when defendant was arrested requires reversal. He also argues that the trial court erred prejudicially in permitting testimony concerning the $1,550 found in his pocket upon his arrest. We will reject both contentions and affirm both judgments.

## THE FACTS

On January 19, 1983, members of the Drug Enforcement Unit conducted a probation search of a residence at 1401 Theo in Modesto. Various members of the Drug Enforcement Unit had kept these premises under surveillance before entry. Agent Ron Plants saw two or three cars stop near the residence. The occupants then went into the residence and remained about five minutes before returning to their cars and driving away. Agent Terry Mann observed codefendant Johnson arrive in a small, dark-colored pickup and enter the residence.

The agents then knocked on the door of 1401 Theo. Defendant responded to the knock and admitted the agents. The agents asked codefendant Johnson his name and, upon his mumbled reply, the agents noticed part of a plastic or cellophane bag protruding from his mouth. Agent Mann seized the bag and placed it on a table. The bag contained four smaller, clear baggies containing some off-white powder, as well as two paper bindles. A few minutes later codefendant Billie Rae Ford grabbed the bag and ran to the bathroom to flush it down the toilet. Agent Plants overtook her and retrieved the bag from the toilet before it disappeared. In answer to Plant's questions about her actions, she replied "Well, what would you do if this was your husband's?" Defendant and both codefendants were later arrested.

During the search which followed the arrests, Agent Carl Erwin found a large quantity of marijuana in small plastic baggies. Another agent seized a blank check showing the names of defendant and his wife, codefendant Billie Ford, and the 1401 Theo address. The agents also took 15 packets

containing $100 of currency per packet plus 1 packet containing $50 from defendant's front pants pocket.

The People offered expert testimony that the quantity of marijuana and cocaine seized from the 1401 Theo residence and the method of packaging the seized drugs established they were possessed for the purpose of sale.

## DISCUSSION

I. *Does the failure of the Drug Enforcement Unit to disclose the names of all agents physically present at the scene of defendant's arrest constitute reversible error?**

. . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Did the trial court err in permitting prosecutorial comment on the $1,550 found in defendant's pocket at the time of his arrest?*

■ As mentioned above, defendant moved prior to trial for the return of $1,550 seized from him at the time of his arrest. The money was taken from defendant's pants pocket. On its face the motion purported to be made pursuant to sections 1539, subdivision (a), and 1540 of the Penal Code, as well as asserting a common law basis for the motion to protect defendant's Sixth Amendment right to counsel. However, the trial court considered the motion as one made pursuant to the forfeiture statutes in the Health and Safety Code, specifically section 11488.4, subdivision (i). That statute, as well as section 11470, subdivision (f), to which it refers, are set forth below at footnote 4.[4]

---

*See footnote 1, *ante.*

[4]Section 11488.4, subdivision (i), provides: "(i) A defendant may move for the return of the property on the grounds that there is not probable cause to believe that the property is forfeitable pursuant to subdivision (e) or (f) of Section 11470. The motion may be made at the preliminary examination or subsequent thereto. If made subsequent to the preliminary examination, the district attorney may submit the record of the preliminary hearing to establish that probable cause exists to believe that the underlying criminal violations have occurred. [¶] . . ."

Section 11470 provides in pertinent part: "The following are subject to forfeiture: [¶] . . . [¶] (f) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of Section 11351, 11352, 11355, 11359, 11360, 11378, 11378.5, 11379, 11379.5, or 11382 of this code, or Section 182 of the Penal Code, insofar as the offense involves manufacture, sale, possession for sale, offer for sale, or offer to manufacture, or conspiracy to commit at least one of those offenses, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Section 11351, 11352, 11355, 11359, 11360, 11378, 11378.5, 11379, 11379.5, or 11382 of this code, or Section 182 of the Penal Code, insofar as the offense involves manufacture, sale, possession for sale, offer for sale or offer to manufacture, or conspiracy to commit at least one of those offenses, provided that the individual is arrested and convicted, for any of the offenses enumerated in this subdivision, and provided further that, the exchange, violation, or other conduct which is the basis for the forfeiture occurred within five years of the arrest leading to the conviction of any of the offenses enumerated in this subdivision."

During opening argument, defense counsel objected to any prosecution reference to the $1,550 on the basis that, "[t]here have been two court hearings regarding what was found in his pants. That item is no longer relevant to what is before the Court." The objection was overruled; during the course of trial testimony was presented concerning the discovery of the money; during closing argument the prosecution again referred to the $1,550, and no defense objections were made to this portion of the prosecution's closing argument. The alleged error of the trial court in permitting reference to the $1,550 was one of the grounds asserted by defendant in his motion for a new trial. Defendant again challenges on appeal the propriety of the trial court's ruling concerning the $1,550; this issue appears to be one of first impression.

Although defendant's argument on appeal is somewhat convoluted and indirect, we interpret it to have three basic subparts: (1) that the trial court's ruling there was no probable cause to believe the money was subject to forfeiture under subdivision (f) of section 11470 constituted a binding determination for purposes of trial; (2) that the money was irrelevant to the charge of possession of marijuana for sale against defendant and reference to the money was prejudicial to him; and (3) that the prosecutor's references to the money in closing argument constituted prosecutorial misconduct.

Defendant's arguments are not persuasive because they ignore the absence of any motion challenging the lawfulness of the search leading to the discovery of the money or the seizure of the money itself; the Fourth Amendment and the exclusionary rule adopted to guarantee its protections are simply not at issue in this case. To the extent the trial court ordered the money returned to defendant upon the common law basis asserted, i.e., to effectuate defendant's Sixth Amendment right to counsel by returning to him funds necessary for payment of his attorney, such a determination is independent of any ruling on the admissibility of the evidence.

■ Although in *Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085 [102 Cal.Rptr. 494], the parties had stipulated for evidentiary purposes that currency in the amount seized from them was taken from the residence, thus obviating any need to retain the actual money as evidence, the court recognized that an order returning the money to defendants to enable them to pay counsel would not vitiate the evidentiary value of the money itself. ■ The exclusion of evidence under the Fourth Amendment is tied solely to the unlawfulness of the search or seizure which produced the evidence. The purpose of the rule is to deter unlawful police conduct. ■ A decision of the trial court that money or other property need not be retained per se but can be returned to a defendant in order to compensate retained counsel, when the evidentiary significance of the money or property can be otherwise

preserved, implicitly recognizes that an order for return of money or property under such circumstances is neither the actual nor functional equivalent of a ruling ordering evidence suppressed because of an unlawful search or seizure.

■ Moreover, with respect to the forfeiture statutes themselves, it is equally clear that the Legislature did not intend such a ruling by a trial court, i.e., probable cause did not exist to order the forfeiture of the money or property, to be the actual or functional equivalent of a ruling by the trial court that the money or property must be suppressed for evidentiary purposes because it was obtained as the result of an illegal search or seizure. Specifically, section 11488.4, subdivision (h), provides: "Nothing contained in this chapter shall preclude a defendant from moving for a return of property pursuant to Section 1538.5 of the Penal Code."

In addition to providing that evidence unlawfully seized must be suppressed, Penal Code sections 1538.5 and 1540 provide a mechanism for certain of such property to be returned to a defendant following the trial court's ruling. If a motion pursuant to section 11488.4, subdivision (i), were the equivalent of a motion to suppress evidence and return property to a defendant pursuant to Penal Code section 1538.5, subdivision (h) of section 11488.4 would be rendered surplusage. Additionally, section 11491 provides: "Nothing in this chapter shall be construed to *extend* or *change* decision law as it relates to the topic of search and seizure." (Italics added.)

Defendant points out that subdivision (i) of section 11488.4 includes a provision that "[w]ithin 15 days after a defendant's motion is granted, the people may file a petition for a writ of mandate or prohibition seeking appellate review of the ruling." By analogy to similar provisions affecting rulings favorable to a defendant under Penal Code section 995 or section 1538.5, defendant argues this provision requires a determination that a trial court's ruling under subdivision (i) favorable to defendant is binding for all subsequent purposes absent appellate review by way of writ. Even if this is a legitimate analogy, the binding nature of the trial court's decision can only go to the lack of probable cause to believe the money is subject to forfeiture. Nothing in the ruling, binding or otherwise, that money or other property seized from a defendant is not subject to forfeiture to the state constitutes a judicial determination that the evidence must be suppressed; such a conclusion would be a clear extension of the decisional law relating to search and seizure in direct contravention of the legislative restriction at section 11491.

■ Additionally, we find no merit in defendant's argument that a trial court's determination of insufficient probable cause to declare money or

other property subject to forfeiture renders evidence of such property or money irrelevant in an ensuing criminal trial. In this case, defendant was being tried with a codefendant, Mark Johnson. Johnson was charged with possession of cocaine for sale; apparently because the cocaine itself was seized from Johnson, a similar charge against defendant was dropped, leaving him charged solely with possession of marijuana for sale. Even if the money seized from defendant was unrelated to the marijuana seized from the grass catcher, seizure of $1,550 in cash from defendant simultaneously with the seizure of approximately $1,500 worth of cocaine from Johnson is certainly relevant to the cocaine charge. The simultaneous seizure of a large sum of money in cash, particularly when the sum directly corresponds to the street value of the drug seized, is circumstantial evidence on the issue of intent to sell. It would be relevant whether the money was seized from a stranger not being tried or, fortuitously as in the instant case, from a codefendant tried on an unrelated charge.

The arguments made by the prosecutor concerning the money were obviously directed to the cocaine transaction, a charge on which the funds were clearly relevant, and there was no attempt to link those funds to the possession of marijuana for sale with which defendant was charged. No specific objection was made pursuant to Evidence Code section 352 to exclude evidence of the $1,550 seized from defendant on the ground that the evidence was more prejudicial to defendant than probative; thus, pursuant to Evidence Code section 353 any challenge on appeal based on undue prejudice is not properly before the court.[5] Moreover, even had a timely section 352 objection been made, the trial court would have been well within its discretion to deny the motion and permit introduction of the evidence; it was clearly relevant and highly probative on the charge pending against codefendant Johnson of possessing cocaine with the intent to sell it, and it was so unrelated to the charge pending against defendant that its prejudicial effect, if any, was minimal.

Finally, the discussion above leads to the conclusion that any reference by the prosecutor to the $1,550 in his closing argument was not misconduct. The evidence was admissible, was relevant, and was not unduly prejudicial. Moreover, in his closing argument on behalf of defendant, trial counsel stated: "Mr. Stearns argues to you because Mr. Ford has $1,500 or $1,550

[5]Evidence Code section 353 provides: "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion; and [¶] (b) The court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the ground stated and that the error or errors complained of resulted in a miscarriage of justice."

or whatever it is in his pocket that obviously anybody with that kind of money is about to buy dope. He's forgetting, of course, that he and his wife are separated and there might be a lot of reasons why a man might go down and empty out the family bank account and put the money in his pocket under those kinds of circumstances." To this, the prosecutor replied on rebuttal, "Did you hear any evidence that came from a bank account? Did you hear any evidence that that's where he got the money?"

On appeal, defendant objects to the prosecutor's reply, "The comments made by the prosecutor at this juncture, suggest that the jury draw an inference from his silence. That the prosecutor may not comment upon the defendant's election not to testify in a case wherein he is being tried requires no citation it is such black letter law." Defendant's objection presumably raises *Griffin* error (*Griffin* v. *California* (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]). ■ However, as recently affirmed by the Supreme Court, "Although *Griffin* prohibits reference to a defendant's failure to take the stand in his own defense, that rule does not extend to comments on the state of the evidence or on the failure of the defense to introduce material evidence or to call logical witnesses. (*People* v. *Vargas* (1973) 9 Cal.3d 470, 475 [108 Cal.Rptr. 15, 509 P.2d 959].)" (*People* v. *Szeto* (1981) 29 Cal.3d 20, 34 [171 Cal.Rptr. 652, 623 P.2d 213]. See also this court's decision in *People* v. *Garnica* (1981) 121 Cal.App.3d 727, 736-737 [175 Cal.Rptr. 521].) The challenged statement by the prosecutor in the instant case doesn't even approach *Griffin* error.

Therefore we conclude that the trial court did not err in permitting (1) the prosecutor to comment in his opening argument on the $1,550 seized from defendant, (2) Officer Mann to testify concerning the seizure of the money itself, and (3) the prosecutor to comment on the money in his first closing argument and on rebuttal.

The judgment convicting defendant for possession of marijuana for sale and the judgment revoking defendant's probation are affirmed.

Franson, Acting P. J., and Hardin, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.