[No. B016257. Second Dist., Div. Seven. Oct. 2, 1985.]

HAROLD SIMS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES POLICE DEPARTMENT, Real Party in Interest.

COUNSEL

Burton Marks for Petitioner.

No appearance for Respondent.

James K. Hahn, City Attorney, Lewis N. Unger, Assistant City Attorney, and Donna B. Weisz, Deputy City Attorney, for Real Party in Interest.

OPINION

THE COURT.*—The petition for writ of mandate filed September 16, 1985, has been read and considered. By order of September 18, 1985, we gave notice of our intention to issue a peremptory writ in the first instance in this matter, and invited the parties to brief the court on the issue whether the respondent court properly exercised jurisdiction over the proceedings pending therein. The opposition to the petition filed by the real party in interest (Police Department) September 24, 1985, in response to the court's invitation has been read and considered.

---

*Before Lillie, P. J., Thompson, J., and Johnson, J.

Petitioner filed a motion for the return of property in the respondent court pursuant to section 1539, subdivision (a)(iii) of the Penal Code. The respondent conducted a hearing and thereafter issued an order denying the motion. Petitioner prays for a writ of mandate compelling the respondent to vacate its order and enter a new order granting the motion. We conclude the respondent lacked jurisdiction to hear the matter.

The transcript of the hearing on petitioner's motion discloses the following facts: On July 12, 1985, officers in a Police Department helicopter flashed a spotlight on a vehicle they suspected was stolen. Petitioner was observed exiting the passenger side. He was arrested 200 feet from the car. He told the officers he knew nothing about the car and had not been in it. The car was impounded and some $70,000 in cash was found in an unmarked athletic bag in the trunk. Petitioner denied ownership of the money, which was booked to petitioner under Police Department policy to book it under the name of the arrestee (if there is one). Petitioner was thereafter released and was not charged with a crime. The car was not stolen and was released to the owner's attorney. The owner has not claimed the money.

The respondent denied petitioner's motion on grounds the circumstances surrounding the seizure did not support his claim to the money.

### DISCUSSION

Section 1539 of the Penal Code provides in relevant part: "(a) If a special hearing be held in the superior court pursuant to Section 1538.5, *or if the grounds on which the warrant was issued be controverted* and a motion to return property be made . . . (iii) by a person who is not a defendant in a criminal action at the time the hearing is held, the judge or magistrate must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and authenticated by a shorthand reporter in the manner prescribed in Section 869." (Italics supplied.)

■ We conclude the respondent court exceeded its jurisdiction and improperly heard petitioner's motion. No charges were ever filed against petitioner, and this is not an instance where the property at stake was seized pursuant to a warrant. (See, e.g., *Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085, 1087-1089 [102 Cal.Rptr. 494].) Hence the court erred in trying to treat a motion for a civil remedy within the parameters of a criminal procedure section inapplicable to the facts.

Let a peremptory writ of mandate issue commanding the respondent court to vacate its order of August 7, 1985, denying petitioner's motion for the

return of property, and to enter a new and different order dismissing superior court case No. HC205886 for lack of jurisdiction.

A petition for a rehearing was denied October 25, 1985, and petitioner's application for review by the Supreme Court was denied December 18, 1985.