[Civ. No. 28163. Second Dist., Div. Four. May 20, 1964.]

SOL GERSHENHORN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; THE PEOPLE, Real Party in Interest.

David Caplow, Maurice Rose and Al Matthews for Petitioner.

Harold W. Kennedy, County Counsel, Donald K. Byrne and John J. Collins, Deputy County Counsel, for Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood, Harry B. Sondheim and Bart Goldman, Deputy District Attorneys, for Real Party in Interest.

KINGSLEY, J.—Alleging that his property had been seized as an incident to an illegal search, seizure and arrest, petitioner moved in respondent court for an order directing its return. The motion having been denied, he sought to appeal. We dismissed his appeal, on the ground that the order of denial was not an appealable order. (*People* v. *Gershen-*

*horn* (1964) 225 Cal.App.2d 122 [37 Cal.Rptr. 176].\*) In dismissing the appeal, we said: "Appellant is not, however, without remedy. Since the order is not otherwise reviewable, a discretionary review by writ of mandate from this court is available." (*People* v. *Gershenhorn* (1964) *supra*, 225 Cal. App.2d 122, 126.) Subsequently, petitioner brought the present petition. In his petition he again alleged the illegality of his arrest without a warrant and the illegality of the attendant search and seizure. He alleged, also, that his motion for the return of his property was denied by respondent court on the ground that it lacked jurisdiction to entertain such a motion and not on the merits of his contentions. On these allegations, we issued our order to show cause why a writ of mandate to compel a hearing on the merits should not issue and stayed any criminal proceedings in respondent court pending our decision on the petition.

By return, respondent court, and the People as real party in interest, for the first time, set forth their version of the matter. The return alleges facts which, it is claimed, show that petitioner's arrest, and the attendant search and seizure, were made on probable cause to suspect petitioner guilty of the offense of bookmaking, and that the property seized, while not contraband in the sense of being property possession of which is illegal per se, was records of his criminal activity and, thus, legitimate objects of seizure for use in his prosecution. The return also reports that petitioner stands indicted by the Grand Jury of Los Angeles County and that some, at least, of the property which is the subject of his motion was introduced as evidence before the grand jury.

Respondent court, and the real party in interest, ask us to reexamine the question of the existence of a motion such as was made by petitioner. Real party in interest also contends that respondent court, in ruling on the motion, had before it the facts above set forth and that its denial should be regarded as having been made on the merits as an alternative ground.

I

■ Our review of the proceedings before the trial court, discussed in detail below, convinces us that its action was based on what we hold to have been a mistaken view of its jurisdiction.

In ruling on the appealability of the order herein involved,

---

\*Hearing by the Supreme Court was denied on April 22, 1964.

we said: "... one whose property is illegally seized may desire not only to prevent its use against him in a criminal case, but also to procure its return. In that case, he may, either as an alternative to, or in conjunction with, a motion to suppress, move for its return as was done here. If the property was seized under a void warrant, or if it was not the property described in a warrant, such a motion is expressly authorized by section 1540 of the Penal Code. If the property was illegally seized without a warrant, the courts have allowed a similar motion." (*People* v. *Gershenhorn* (1964) *supra*, 225 Cal.App.2d 122, 125.) As we have above indicated, hearing in that matter was denied by the Supreme Court and the above decision has become the law of the case.

## II

█ Even if the matter were not thus concluded in the instant cause, we would adhere to the statement just quoted. The existence of such a motion is plainly recognized in *People* v. *Mayen* (1922) 188 Cal. 237 [205 P. 435, 24 A.L.R. 1383]; and in *People* v. *Wren* (1922) 59 Cal.App.116 [210 P. 60]. There is nothing to the contrary in *People* v. *Berger* (1955) 44 Cal.2d 459 [282 P.2d 509], which, given its widest interpretation, held only that the illegality of a search and seizure may be raised for the first time at the trial and need not be the subject of a pretrial motion; the case did not deny the existence of the pretrial procedure, if desired.

The People argue that a motion to return will operate to delay criminal proceedings and that other remedies are available if the physical return of property is important.

The motion herein involved causes no more delay than does the statutory motion under section 1540, nor than does the motion under Penal Code, section 995, with its review under section 999a. To say that a citizen has a prompt and simple remedy for the return of his property when a warrant was involved, but no such remedy where a warrant is neither sought nor used, is to reverse the constitutional order of importance and would induce law enforcement officers to dispense with, rather than to use, the orderly procedure which the Constitution clearly prescribes.

█ The alternatives suggested hardly are equal either in expedition or in adequacy. The People point to sections 1417-1419 of the Penal Code. Not only can relief be had under those sections only after trial and affirmance on appeal, but they apply only to items received in evidence—and thus are

inapplicable to illegally seized property which could not be so introduced.

The People suggest, also, that an action in claim and delivery or in conversion offers an adequate alternative. But an action for conversion gives only damages, not a return in specie. And the expense and complications of bonds and other procedures involved in claim and delivery seem an unnecessary apparatus to recover property which, as we shall show, is already in the hands of the court.

## III

The People also argue that, in a proceeding under section 1540, the property, having been taken under color of the court's own warrant, is held by the levying officer on behalf of the court and is, thus, under the immediate control of the court. But, they argue, property seized without a warrant is not so held on behalf of the court and, thus, is not subject to an order made in a summary proceeding. We think the argument without merit. In the present case, it appears from the return that most (and possibly all) of the property involved was offered in evidence before the grand jury and is, therefore, presently in the possession of respondent court or its officers and agencies.

But even as to property not yet offered or received in evidence we think that judicial control still exists. We are not now concerned with a private seizure, by a private individual, for some purpose of his own. We deal with property seized by a public officer, acting under the color of his status as a law enforcement officer, and seized solely on the theory that it constitutes a part of the evidence on which judicial action against its owner or possessor will be taken. We regard property so taken and so held as being as much held on behalf of the court in which the contemplated prosecution will be instituted as is property taken and held under a warrant. The seizing officer claims no right in or to the property, or in or to its possession, save and except as the court may find use for it. He must respond, as does any custodian, to the orders of the court for which he acted.

## IV

Pointing to the holding in *People* v. *Justice Court* (1960) 185 Cal.App.2d 256 [8 Cal.Rptr. 176], wherein it was held that the People could not review, by mandate or other writ, a pretrial order suppressing evidence found to have been illegally obtained, the People argue that it is unfair to

expose them to a final ruling on the legality of a search, reviewable by a potential defendant[1] but not by the prosecution. But it is traditional that the prosecution is bound by adverse rulings when the defendant is not, and that it is only by legislative action that exceptions to this concept may be made. (*People* v. *Superior Court* (1955) 137 Cal.App.2d 194 [289 P.2d 813].)

V

 However, the above discussion does not dispose of the present case. After the search and seizure of petitioner's property, and utilizing the information thus obtained, the People procured warrants for the arrest of other persons and the search of their premises. Contending that these warrants were illegal, because they rested on evidence illegally obtained from the present petitioner, the parties against whom the warrants had issued brought their statutory motions under sections 1539 and 1540 of the Penal Code. After considerable testimony, the municipal court denied the motions, ruling that probable cause for the search of petitioner's premises had existed and that, therefore, the warrants were valid. As we have indicated above, in due time the grand jury returned four indictments against petitioner and others, based on the evidence theretofore obtained by the search of petitioner's premises and under the warrants. By their return to the present order to show cause, the People have presented to us the portions of the testimony before the grand jury in which the matter of probable cause was covered. Petitioner then made his motion to suppress and for return, in each of the four cases. The various codefendants joined in the motions to suppress and some of them in the motions to return. These motions were argued, at length and seriatim. It is clear from the transcripts of those hearings that the trial court denied the first three motions, at least, strictly on the theory that it had no jurisdiction because no such motion was authorized. By the time the fourth motion was reached, the court and counsel had discussed in detail the contention that, whereas a motion under section 995

[1]As we have indicated above, in our former opinion, we said that review by writ of mandate was available to the property owner. In the present case, mandate in its traditional form is clearly the appropriate remedy; but we did not intend to foreclose the use, for review of a ruling on the merits, of certiorari or of what has been termed "certiorarified mandamus." (See 3 Witkin, Cal. Procedure, Extraordinary Writs, § 78.)

brought before the court only the evidence introduced before the grand jury, a motion to suppress and return, if allowable, would afford an opportunity to present other and possibly contradictory evidence, *dehors* the grand jury transcript, which might destroy any prima facie proof of probable cause which the grand jury testimony, uncontradicted and untested by cross-examination, might suggest. And at the hearing on the fourth motion, the trial court did have before it, and did consider, the testimony before the municipal court on the motion under sections 1539 and 1540 above referred to. In addition, the transcripts of the several motions ultimately made by the various defendants under section 995 show that the trial court did allow the use of evidence *dehors* the grand jury transcript. In the end, the trial court denied all motions, of all sorts.

Under the circumstances, in the light of the actual events now shown to have occurred, we think that the issuance of a writ of mandate in this proceeding would be an idle act.

■ The question before a court on a motion to suppress evidence, as on a motion under section 995, is merely whether or not a sufficient showing of probable cause for arrest, search and seizure has been made to justify imposing on the parties a full-dress investigation of that question at the trial.

■ It is clear that this issue has now been decided adversely to petitioner in the 995 proceedings, and on a record which sufficiently supports such a minimal finding. To require another hearing, although technically available, could result only in a denial on the merits of the motion for return.

The order to show cause heretofore issued in this matter is discharged; the petition for a writ of mandate is denied, without prejudice to the right of petitioner, if he be so advised, to renew the motion at the trial of the indictments, or to the pursuance of any other remedy which may hereafter be available to him.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied June 5, 1964, and petitions by all parties for a hearing by the Supreme Court were denied July 15, 1964.