[Civ. No. 11288. Fourth Dist., Div. One. June 7, 1972.]

HAROLD W. BUKER et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Barry Tarlow for Petitioners.

Edwin L. Miller, Jr., District Attorney, Terry J. Knoepp and Patt G. Moore, Deputy District Attorneys, for Respondent and for Real Party in Interest.

## OPINION

**COUGHLIN, J.**\*—Petitioners Harold W. Buker and Jon Wayne Vermouth, together with Phyllis Robinson and Charles F. Weisner, are named defendants in a four-count information charging them with possession of marijuana for sale, cultivating marijuana, possessing restricted dangerous drugs, and maintaining a place for selling marijuana. The charges against the four defendants followed search of a residence, under a search warrant, as a result of which the officers executing the warrant seized at least 42 different articles, including marijuana and $6,424 in currency. At the preliminary hearing the foregoing items were admitted in evidence over defendants' objection, among others, the currency was inadmissible as evidence and they were in need of the money to employ counsel. The defendants were held to answer, and all of the seized items admitted in evidence were transferred to the superior court.

On December 7, 1971 all defendants in the case filed a motion to return the $6,424 seized upon execution of the search warrant "so that defendants might use such funds to obtain an attorney of their choosing" upon the ground the "funds" are not necessary to prove guilt, are not contraband, and should not be retained for any legal reason. The motion was heard on December 17, 1971; was offered as a nonstatutory motion and not as a motion to suppress under Penal Code section 1538.5; did not assert

---

\*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

any claimed illegality of the seizure; but was made upon the ground possession of the currency by the court was not necessary to prove defendants' guilt and they needed the money to employ counsel of their choice. At the hearing, defendants agreed to stipulate currency in the amount seized was found in the residence, and the court suggested the prosecution might photograph the currency if its appearance was material to the case. We add, if the prosecuting attorney sincerely believed the currency, as such, was admissible in evidence he might have demonstrated his good faith in the premises by offering defendants a county warrant in the same amount. There was no showing the currency was contraband or marked money.

Following an extended discussion, during which the prosecuting attorney directed attention to the rule evidence of possession of a substantial sum of money by a person charged with possession of marijuana for sale may be admissible in proof of the charge the possession was with intent to sell, the court denied the motion upon the sole ground there was "some color on which this [the currency] could be admitted" in evidence, i.e., as proof of intent to sell.

Following denial of the foregoing motion, all defendants filed two statutory motions; on January 3, 1972 filed a motion pursuant to Penal Code section 1538.5, "to suppress all of the items seized pursuant to the search warrant" and "to return those non-contraband items"; and on January 31, 1972 filed a motion, pursuant to Penal Code sections 1538.5 and 1540, to return all "funds" seized under the search warrant upon the ground, among others, their seizure was not permitted by the search warrant. In substance, Penal Code sections 1538.5 and 1540 provide a defendant may move for the return of property obtained as a result of a search or seizure with a warrant where the search or seizure was unreasonable because the property obtained was not that described in the warrant. The motions were set for hearing on the same date, and were dismissed upon the ground the court had no jurisdiction to hear them because defendants' prior motion equated a motion under Penal Code section 1538.5, the denial of which foreclosed further consideration in the premises.

Buker and Vermouth[1] filed the petition at bench seeking a writ of mandate directing the superior court to order the return of the seized currency, and to conduct a hearing relating to the validity of the search and seizure under their motions made pursuant to Penal Code sections 1538.5 and 1540. The allegations in the petition at bench relating to the relief sought through the nonstatutory motion raise three pertinent issues.

---

[1]Apparently the case was dismissed as to the defendants Robinson and Weisner.

■ The first issue is whether a court in possession of property legally seized under a search warrant has authority to direct its delivery to the persons entitled thereto, good cause being shown. Authority to release such is within the express power conferred by Penal Code section 1536, which provides all property taken under a search warrant is subject to the order of the court "in which the offense in respect to which the property . . . taken is triable." Furthermore, such authority is within the scope of the inherent power of the court to control and prevent the abuse of its process. (*Union Bk. & Tr. Co.* v. *Los Angeles County,* 2 Cal.App.2d 600, 609-611 [38 P.2d 442]; *Golden Gate C. P. Co.* v. *Superior Court,* 1 Cal.App.2d 426, 430, 432 [36 P.2d 834]; *Arc Investment Co.* v. *Tiffith,* 164 Cal.App.2d Supp. 853, 856 [330 P.2d 305]; gen. see *Neal* v. *Bank of America,* 93 Cal.App.2d 678, 682 [209 P.2d 825]; 1 Witkin, Cal. Procedure (2d ed. 1970) pp. 387, 388.) In addition, in the case at bench, the seized currency was placed in evidence at the preliminary hearing; was delivered by the municipal court to the superior court as an exhibit in the case; is under the control of the latter court by virtue of the delivery of possession thereof to it; and for this reason is subject to a motion for its release. (*Gershenhorn* v. *Superior Court,* 227 Cal.App.2d 361, 366 [38 Cal.Rptr. 576].)

We conclude the trial court had authority to release the seized currency and properly entertained the motion.

■ The second issue is whether, under the circumstances of this case, the trial court abused its discretion in refusing to order delivery of the seized currency to the persons entitled thereto.

In ruling the seized currency should not be released because there was "some color" on which it could be admitted in evidence, the trial court overlooked the fact proof of defendants' intention to sell the marijuana allegedly in their possession, premised on their alleged possession of a large sum of money, would not be supplied by exhibiting the seized currency to the trier of fact, a judge or jury, but only by testimony currency in the amount seized was found in a residence owned or occupied by defendants. Respecting a similar situation, the court in *Stern* v. *Superior Court,* 76 Cal.App.2d 772, 782 [174 P.2d 34], said: "It might be remarked that the fact that petitioners had $50,000 in currency in the denominations already shown in a safe deposit box can be proved at the trial . . . by the person or persons who actually took the currency from the box. Exhibiting it to the jury is not necessary to prove the fact, . . ." The trial court also overlooked defendants' stipulation currency in the amount seized was found in and taken from the residence by the officers executing the search warrant,

which eliminated the need of any evidence to prove the stipulated fact. (Gen. see *People* v. *Gonzales,* 262 Cal.App.2d 286, 290 [68 Cal.Rptr. 578].) We conclude denial of the motion upon the ground the seized currency should be retained in custody because there was some "color" upon which it could be admitted in evidence, constituted an abuse of discretion as a matter of law. ■ Relief from an abuse of discretion may be obtained in an appropriate mandamus proceeding. (*Bales* v. *Superior Court,* 21 Cal.2d 17, 25 [129 P.2d 685]; *Landis* v. *Superior Court,* 232 Cal.App.2d 548, 554 [42 Cal.Rptr. 893].)

We direct attention to the fact the petition at bench does not seek a review by mandamus of a ruling on the admissibility of evidence, but a review of an order of the trial court refusing to deliver to petitioners property allegedly belonging to them which is in custody of and retained by the court upon the claim it is admissible evidence in the case against petitioners.

■ The third issue is whether petitioners, who were two of the moving defendants, are entitled to possession of the seized currency. The prosecuting attorney told the court the currency was levied upon by the federal government, acting through the Department of Internal Revenue, on August 10, 1971, while it was in possession of the sheriff following seizure under the search warrant, and a federal lien against it was on file. Thereupon, counsel for defendants stated he "had a prior levy, prior assignment signed by each of the defendants prior to the date of these levies; assigning the money to me for legal fees." The court noted the federal government was not a party to the proceeding and for this reason, "we cannot determine the priority of right or who is really entitled to it [the money]."

Determination of the issue whether petitioners are entitled to possession of the seized currency is essential to a disposition of the motion. (*Stern* v. *Superior Court, supra,* 76 Cal.App.2d 772, 778-779.) The trial court was authorized to make such determination. (Gen. see *Rowe* v. *Blake,* 112 Cal. 637, 643-644 [44 P. 1084].) Hearsay statements respecting the issue were made by counsel on each side which cast doubt on petitioners' claim they were the owners and entitled to possession. The right of petitioners to possession was questioned; however, no evidence on the issue was introduced; and no determination of the issue was made. Mandate is a proper remedy to cause the court to exercise its jurisdiction in the premises, and determine the issues raised by the motion. (*Hollman* v. *Warren,* 32 Cal.2d 351, 355 [196 P.2d 562]; *Grand Lake Drive In* v. *Superior Court,* 179 Cal.App.2d 122, 132 [3 Cal.Rptr. 621, 86 A.L.R.2d 129].)

At the hearing on defendants' original motion for an order directing delivery of the seized currency to them, which they wished to use to employ attorneys of their own choice, defense counsel clearly stated the motion was non-statutory; did not attack the validity of the seizure; and was not intended as a motion under Penal Code section 1538.5 or 1540. At oral argument before this Court, counsel for respondent and real party in interest concedes petitioners have not had and are entitled to a hearing of their subsequent motions under Penal Code sections 1538.5 and 1540. Although a second hearing of a motion under Penal Code section 1538.5 is not permissible (*People* v. *Dubose,* 17 Cal.App.3d 43, 47 [94 Cal.Rptr. 376]), petitioners have not had any hearing of their motions under the statute. Dismissal of those motions was improper. The court should be ordered to reinstate and hear them.

Let a peremptory writ of mandate issue directing the respondent court to set aside its order denying petitioners' non-statutory motion; to conduct a further hearing on the non-statutory motion, permit the parties to make such amendments to the pleadings as they deem advisable, determine the issues raised in accord with the views expressed in this opinion, and make its order in accord with the law and the facts in the premises; to set aside its order dismissing petitioners' motions under Penal Code sections 1538.5 and 1540; and to conduct a hearing on those motions and make its order respecting such in accord with the law and the facts in the premises.

Brown (Gerald), P. J., and Ault, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied August 2, 1972.