[No. H003451. Sixth Dist. Sept. 21, 1987.]

CITY OF SAN JOSE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
ASAN DABECIC et al., Real Parties in Interest.

COUNSEL

Joan R. Gallo, City Attorney, and Laurence L. Spitters, Jr., Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Carleen R. Arlidge and Rose & Arnold for Real Parties in Interest.

OPINION

AGLIANO, P. J.—The City of·San Jose (City) seeks writs of prohibition and mandate to nullify certain of respondent court's orders in three criminal prosecutions presenting similar stipulated facts. In each case, City police officers seized funds during drug-related arrests of real parties (defendants in the criminal cases) and then, without permission of the superior court and in violation of the mandate of Penal Code section 1536[1] requiring retention of custody of the seized property, the police turned the money over to federal drug enforcement agents (DEA's). The trial court granted real parties' nonstatutory motions for return of property, ordering the City and finance director to deliver to the clerk of the superior court for Santa Clara County sums totalling $58,440 to be held in trust pending further order. To avoid being cited for contempt, the City has paid this money into court. We stayed further proceedings on real parties' motions for return of the funds, because an order to turn the funds over to real parties would have made the money difficult or impossible to resecure.

We have determined the superior court had no jurisdiction within the confines of the criminal law and motion procedure to order the City to pay monies in lieu of that no longer in its possession, and therefore an extraordinary writ must issue ordering return of these sums to City.

RECORD

The stipulated facts are similar in each of the three cases and recite that the police were executing search warrants for the residences of real parties for the purpose of securing evidence for felony criminal prosecution of drug offenses. The officers seized large sums of money pursuant to the warrants, and then voluntarily and pursuant to "common practice" turned the money over to DEA's acting pursuant to 21 United States Code section 881. There

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

was never any state court order for the turnover of funds. Federal forfeiture proceedings are pending in the district court.

## CONTENTIONS OF PARTIES

■ The City contends the superior court had no jurisdiction to order it to return money which is no longer in its custody but rather is in federal custody. It contends that once property seized under a warrant is transferred from the control of the court or the police, properly or improperly, the court loses custody of the property and has no further jurisdiction to entertain a nonstatutory motion for return of the property in the criminal proceeding. (Citing *People* v. *Icenogle* (1985) 164 Cal.App.3d 620 [210 Cal.Rptr. 575]; *In re 33rd Dist. Court* (Mich. 1984) 360 N.W.2d 196 [360 N.W.2d. 196].) The court may not fashion a civil remedy for the parties within the motion procedure. (Citing *Franklin* v. *Municipal Court* (1972) 26 Cal.App.3d 884 [103 Cal.Rptr. 354].)

In its memorandum decision ordering City to turn over the monies to court custody, the court gave these reasons, which form the basis of real parties' position here: (1) the court has custody of property seized by a police officer under color of law to be used to prosecute the defendant (*Gershenhorn* v. *Superior Court* (1964) 227 Cal.App.2d 361 [38 Cal.Rptr. 576]); (2) the court has at all times had control over the money described in the warrant; (3) *People* v. *Icenogle, supra,* 164 Cal.App.3d 620, is not controlling because there the federal forfeiture proceedings were completed before the motion to return property was made, whereas here they are still pending; (4) *In re 33rd District Court, supra,* 360 N.W.2d 196, is not controlling because the funds there were never in the court's custody—the seizure took place under a different form of statute providing such property be turned over to the state, county, or municipality whose officers seized it; (5) the City is estopped from denying the court's jurisdiction to make all appropriate orders concerning disposition of the funds, because it has ratified the officers' conduct and defended their allegedly illegal practice. Finally, there is no wrong without a remedy (citing Civ. Code, § 3523, that "[f]or every wrong there is a remedy"); here section 1536 was violated; a remedy is appropriate. The court also relies on the inherent powers of courts, citing Code of Civil Procedure sections 128, subd. (a) and 187.

The court cites three decisions as supporting its opinion: *Gershenhorn* v. *Superior Court, supra,* 227 Cal.App.2d 361; *Buker* v. *Superior Court* (1972) 25 Cal.App.3d 1085 [102 Cal.Rptr. 494]; and *People* v. *Superior Court* (1972) 28 Cal.App.3d 600 [104 Cal.Rptr. 876].

## Discussion

The decisions on which the trial court relied are not controlling here. *Gershenhorn, supra,* 227 Cal.App.2d 361, in addition to authorizing writ review of orders on nonstatutory motions for return of property, points out that property seized by police under the authority of a warrant is in the custody of the trial court for purposes of such a motion since it was taken for the court's purposes, i.e. to try the defendant. *Gershenhorn* does not raise or discuss the issue of what remedy is appropriate when the property has been given to a different jurisdiction or authority.

*Buker, supra,* 25 Cal.App.3d 1085, similarly authorizes a nonstatutory motion for return of money seized in marijuana arrests and affirms the court's possession and control of such money by virtue of the warrant, in a situation where the money is still in the possession of the police or the court.

*People* v. *Superior Court, supra,* 28 Cal.App.3d 600 involved a motion for return of allegedly obscene materials after the defendant was acquitted of the obscenity charges. The material was retained by the police chief who would not release it. The Court of Appeal affirmed the *Gershenhorn* rationale that the property is seized under color of the court's authority and is therefore in its custody and properly returnable on motion, before or after the outcome of the trial. Again, the police still had possession of the property. The opinion does point out that if there are conflicting claims to the property, the trial court may rule on them, citing *Franklin* v. *Municipal Court, supra,* 26 Cal.App.3d 884. *Franklin* was a case involving an exhibit, a gun, and the motion to return it was denied precisely because it was no longer in the municipal court's custody, as the *People* v. *Superior Court* decision, *supra,* 28 Cal.App.3d 600, notes.

*People* v. *Icenogle, supra,* 164 Cal.App.3d 620, presents facts precisely like those at bench—a drug-related arrest, seizure of money under a search warrant, followed by unauthorized release of the funds, contrary to section 1536, to DEA's. The money was forfeited in federal proceedings. The decision holds that defendant may not use the nonstatutory motion procedure to compel return of the funds because they are no longer in the custody of the court. Further, the decision says the criminal court has no jurisdiction to fashion a civil remedy for damages against the municipality or the police; the motion procedure is not available for that purpose. The court said, "When the trial court ordered appellants to reimburse Icenogle, it was essentially making an award of damages, a remedy not authorized in a criminal proceeding. Unlike the cases upon which the trial court and Icenogle rely, this is not an instance where the property at stake was in the possession of the court and thus was subject to a motion for release. [Citing

*Buker, supra,* and *Gershenhorn, supra.*] Here, there was no *res* upon which the provisions of Penal Code section 1536 could operate. . . . Accordingly, the court erred in trying to treat an alleged civil wrong within the parameters of a criminal proceeding." (*People* v. *Icenogle supra,* 164 Cal.App.3d at p. 624, fn. omitted.)

The trial court here distinguished *Icenogle* because there the federal forfeiture proceeding had been completed, whereas here, when the trial court ruled, the forfeiture was still proceeding in the federal district court. However, the *Icenogle* decision does not state that completion of the forfeiture was determinative; it was the loss of state possession of the funds that was determinative. *Icenogle* rests on the proposition that the nonstatutory motion procedure is unavailable to compel return of property not in the respondent's possession, because to permit such a procedure is to bypass, without statutory authority, the normal civil remedies provided for such torts as conversion of property.

The opinion of the trial court said, "An order requiring return of money to the custody of the court from which it was taken does not create a civil remedy for defendant. It merely restores the res so that the court can entertain, and, after a full and fair hearing, rule upon defendant's motion for return of property."

The problem with this analysis is that when the court ruled there was no longer a res in court custody which could be ordered restored. Since the trial court cannot control the federal agents nor the federal district court, it does not presently have custody of the funds. As in *Icenogle,* possession of the res - the seized funds - has passed into federal custody. Accordingly, although the trial court may not have intended to create a civil remedy for real parties, in fact it necessarily did so. If it ultimately ordered City to pay money to real parties, the court would be awarding real parties damages to replace the allegedly converted original funds. The trial court no longer has the power to restore that property to real parties, to return to them that which was originally taken. Accordingly, ordering City to pay stated sums to real parties gives them precisely the same relief they could have obtained in a successful suit against the City for civil conversion of the funds. Such a procedure would violate *Franklin, supra,* 26 Cal.App.3d 884, and *Icenogle, supra,* by permitting a remedy for wrongful conversion of funds to be brought within the framework of the nonstatutory motion procedure which was designed as a summary method to reach property within the court's control.

The fungibility of dollar bills has confused the matter by allowing what is in fact an award of damages against the City to pass for a "seizure"

of a chose within the City's possession which it allegedly is obligated to turn over to the court. The error would be immediately obvious if City were ordered to turn over to defendants rifles which it had seized and wrongfully given away to someone else, but the principle does not change when the property is money. The nonstatutory motion, in the nature of replevin, is no longer applicable when the particular property seized is no longer in the custody of the police or the City.

■ Real parties argue that the court has jurisdiction, under section 1536, to vindicate its authority over the seized money by ordering restitution. Also, they argue the City is estopped from claiming it does not have the funds, because it has authorized and ratified the conduct of the police, which is a routine practice, consisting of voluntarily contacting DEA's and turning over to them forfeitable seized evidence. They distinguish *Icenogle,* as did the trial court, by saying there the forfeiture proceedings were complete; here they are still in process, and according to real parties it should be City's responsibility to go into the federal court and try to retrieve the money. ■ Finally, they say writ relief is premature because the trial court has not yet ordered the funds released to them, but is merely holding a hearing as part of its exercise of power under section 1536 to assert its authority over property seized under color of law. The order to the City to turn over funds to the court was appropriately made below, real parties assert, to enforce or give effect to the court's orders and to preserve the judicial processes.[2]

■ Real parties correctly contend that no statute specifies what the court may do to enforce its orders under section 1536. However, the *Icenogle* decision does specify what a court cannot do. *Icenogle* says the court has no power to turn the nonstatutory motion procedure for return of seized evidence into a civil proceeding in conversion against the City for its allegedly wrongful act in turning over monies it was bound to retain. The essence of the problem is not the power of the court but the properly applicable procedure. Obviously, different rules and safeguards govern a civil action in conversion and a motion proceeding intended as a summary remedy for return of property held by the court. Even more clearly, the court's power of enforcement—its contempt power—is also hedged with safeguards not applicable in a motion proceeding. *Icenogle* essentially holds the facts surrounding the release of the funds to the DEA should not be

---

[2] Real parties also argue the *In re 33rd Dist. Court* case, *supra,* 360 N.W.2d 196, relied on by the City, is inapplicable because it involved an entirely different statutory scheme requiring automatic turnover of seized monies to a general state fund without any court involvement, unlike section 1536. We agree that the Michigan case, in addition to not being binding on this court, involved a different statutory mechanism for handling monies seized under a search warrant and is not germane here.

developed in the nonstatutory motion setting. Real parties do not squarely address that issue.

We agree with the reasoning of the *Icenogle* decision. Before City is stripped of $58,000 of the taxpayers' money, we think it is entitled to the safeguards of a regular judicial proceeding such as an action for civil conversion. Further, if there are to be sanctions for violation of section 1536, the safeguards of a properly noticed contempt procedure are required, where City can properly defend the charge it has deliberately and willfully authorized and ratified an illegal practice of the San Jose police. This is a case where the underlying act releasing the funds has not yet been legally demonstrated to be willful or even necessarily illegal.

 Further, the petition is not premature. The money is already in the trial court's custody, and the City is immediately subjected to an illegal procedure beyond the court's jurisdiction, as well as being deprived of some $58,000 which could be immediately ordered released to real parties absent appellate intervention. Under these circumstances City has no adequate remedy other than this petition for extraordinary relief.

Real parties in interest have been notified that a peremptory writ in the first instance could be issued here, and they have filed opposition. The peremptory writ of mandate will issue in the first instance. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-182 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue, directing the respondent superior court to (1) vacate its orders made July 31, 1987, ordering petitioner to pay monies to the court, and instead to make a different order immediately returning to petitioner City of San Jose all monies it has paid into court in these proceedings, and (2) dismiss real parties' nonstatutory motions for return of property.

Capaccioli, J., and Premo, J,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.