Filed 4/9/13  P. v. Gomez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH GOMEZ,<br><br>    Defendant and Appellant. | D061952<br><br><br>(Super. Ct. No. SCD230452) |

APPEAL from a judgment of the Superior Court of San Diego County, Charles R. Gill, Judge.  Affirmed in part, reversed in part and remanded.

Joseph Gomez pleaded guilty to two counts of robbery and to possession for sale and transportation of a controlled substance.  The court dismissed nine counts of robbery with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*)) and ordered Gomez to pay restitution, including to the victims of the dismissed counts.  Gomez appeals, contending the trial court erred in (1) finding his *Harvey* waiver prevented him from presenting evidence at the restitution

hearing that his conduct did not cause the victims' losses, and (2) denying his request to order funds seized from his home be paid to victims as restitution. We agree that a *Harvey* waiver does not prohibit a defendant from presenting evidence regarding causation at a restitution hearing. Accordingly, we reverse the portion of the judgment awarding restitution to the victims of the dismissed counts and remand the issue to the trial court to hold a further restitution hearing consistent with this opinion. In all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

From February to September 2010, an individual robbed five pharmacies in Mira Mesa, Poway and Escondido. In each robbery, the suspect stole prescription narcotics, such as oxycontin and hydrocodone. In October 2010, Escondido police arrested Gomez for the robberies. During a search of Gomez's residence, the police seized prescription narcotics and $12,090.

The People charged Gomez with eleven counts of robbery, one count of possession for sale of a controlled substance, and one count of transporting a controlled substance. Gomez entered a plea agreement, admitting to two counts of robbery and to possession for sale and transportation of a controlled substance. The plea agreement included a *Harvey* waiver, which allowed the court to consider the nine dismissed robbery counts for purposes of sentencing and restitution.

At his sentencing, Gomez objected to restitution for the victims identified with the dismissed counts. The court set a restitution hearing to determine the

2

issue. At the restitution hearing, Gomez argued that he should be able to present evidence regarding whether he caused the victims' losses. The court ruled Gomez's *Harvey* waiver precluded him from presenting evidence concerning causation at the restitution hearing. It then ordered Gomez to pay restitution in the amount of $34,400.50 to the victims identified in the dismissed counts.

## DISCUSSION

### I. *Scope of* Harvey *Waiver*

Gomez argues the trial court erred in finding his *Harvey* waiver prevented him from presenting evidence at the restitution hearing that his conduct did not cause the victims' losses. We agree.

### A. General Legal Principles

In general, we review a trial court's order of restitution for abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) "However, when the propriety of a restitution order turns on the interpretation of a statute, a question of law is raised," which we review de novo. (*People v. Williams* (2010) 184 Cal.App.4th 142, 146.)

The California Constitution provides a victim the right to receive restitution from persons convicted of crimes which caused a loss to the victim. (Cal. Const., art. I, § 28, subd. (b), par. (13)(A).) To ensure this right, courts shall order defendants to pay restitution to the victims who suffered economic loss "as a result of the defendant's conduct." (Pen. Code, § 1202.4, subd. (f).) (All subsequent statutory references are to the Penal Code.)

3

Section 1202.4 also provides defendants with a statutory right to challenge the amount of restitution.  (§ 1202.4, subd. (f)(1).)  Inherent in this right to challenge the amount of restitution is the right to argue that the claimed economic loss was not a result of the defendant's conduct.  (*People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1180 [limiting restitution to the loss in value of returned stolen property]; *People v. Millard* (2009) 175 Cal.App.4th 7, 41–42 [limiting restitution based on the doctrine of comparative negligence]; *People v. Rivera* (1989) 212 Cal.App.3d 1153, 1162 [denying restitution for receipt of stolen property because defendant was not responsible for the theft].)

Once a victim makes a prima facie case for restitution, the burden shifts to the defendant to prove the amount of loss claimed by the victim is some other value.  (*People v. Millard*, *supra*, 175 Cal.App.4th at p. 26.)  In order to rebut the victim's evidence, the defendant must present evidence to refute the victim's prima facie case for the restitution amount.  (See *ibid.*)  If a defendant could not present evidence, this burden shift would be pointless.  Accordingly, section 1202.4 provides defendants with a right to present evidence at a restitution hearing that their conduct did not cause the victim's loss.

A standard *Harvey* waiver allows the sentencing judge to consider a defendant's entire criminal history, including any unfiled or dismissed charges, when the judge orders restitution.  (*People v. Goulart* (1990) 224 Cal.App.3d 71, 80.)  Therefore, a defendant could be ordered to pay restitution to the victims of dismissed counts if the defendant agreed to a *Harvey* waiver, even if the victims'

4

losses did not arise from criminal activity associated with the counts to which the defendant pleaded guilty.  (See § 1192.3 [requires a *Harvey* waiver when a defendant agrees to restitution for dismissed nonfelony charges].)

A standard *Harvey* waiver, however, does not explicitly state a defendant agrees to relinquish or abandon his or her right to dispute the determination of the amount of restitution, including the right to present evidence.  And in the context of a plea agreement, courts look to "the specific language of the agreement to ascertain the expressed intent of the parties" in order to define the scope of a waiver.  (*People v. Nguyen* (1993) 13 Cal.App.4th 114, 120.)  Thus, a *Harvey* waiver does not prevent a defendant from presenting evidence at a restitution hearing.

B.  Analysis

Gomez agreed to a standard *Harvey* waiver.  In doing so, he acknowledged that "[t]he sentencing judge may consider [his] prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence."  Nothing in Gomez's *Harvey* waiver states he waived his right to present evidence at his restitution hearing.  Based on this standard *Harvey* waiver, Gomez only agreed the court *could* consider the facts of the dismissed charges when ordering restitution.  Accordingly, Gomez did not waive his right to present evidence at his restitution hearing.

5

The Attorney General, alternatively, contends that when Gomez stipulated to the facts of the preliminary hearing, he stipulated to "his involvement in the dismissed counts." We disagree with this contention.

Paragraph 15 of Gomez's plea form required him to describe the facts "as to each charge and allegation" to which he pleaded guilty. Paragraph one of the same form listed those specific charges and allegations. In paragraph 15, Gomez wrote in the words, "submit to the preliminary hearing transcript."

Paragraph 15 is one way to verify the factual basis for a plea agreement as required by section 1192.5. (*People v. Holmes* (2004) 32 Cal.4th 432, 438–442 [discussing the requirement and history for the factual basis in plea agreements].) When a defendant initials and submits to the preliminary hearing transcript in a plea agreement, the defendant admits to the facts of the preliminary hearing with respect to the charges to which the defendant is pleading guilty, nothing more. Therefore, when Gomez wrote, "submit to the preliminary hearing transcript," Gomez submitted to the facts from the transcript with respect to the charges to which he pleaded guilty, not the dismissed charges. "[A]n informed '*Harvey* waiver' cannot be treated as tantamount to a guilty plea to the dismissed or uncharged crimes." (*People v. Myers* (1984) 157 Cal.App.3d 1162, 1168.) Otherwise, defendants such as Gomez, by agreeing to the *Harvey* waiver, would be worse off in a restitution hearing than if they had gone to trial and were convicted on the dismissed counts.

6

Based on the foregoing, we reverse the portion of the judgment awarding restitution on the dismissed counts and remand for the trial court to conduct a further restitution hearing where Gomez will be allowed to present evidence and argue causation. Although we conclude Gomez may present evidence at a restitution hearing, we do not pass judgment on the merits of that evidence or on the amount of restitution to be awarded to the victims.

## II. *Application of Seized Funds to Restitution*

### A. Additional Background

At the restitution hearing, Gomez requested that the court apply the $12,090 seized from his apartment to the payment of restitution. The court denied Gomez's motion without prejudice, stating it was not certain it had jurisdiction to decide the matter.

We requested supplemental briefing from the parties on the issue of jurisdiction. In its supplemental briefing, the Attorney General requested we take judicial notice of a Declaration of Forfeiture by the U.S. Department of Justice, Drug Enforcement Administration (DEA), dated February 10, 2011. The Attorney General subsequently submitted a certified copy of the Declaration of Forfeiture. That document provides the DEA declared the $12,090 seized from Gomez forfeited to the United States pursuant to title 19 United States Code section 1609. Gomez opposed the Attorney General's request for judicial notice.

B.  Analysis

Gomez argues the money seized by Escondido police should be applied to victim restitution pursuant to the Victims' Bill of Rights Act of 2008: Marsy's Law, which enhanced many state constitutional rights of victims.  In particular, California's Constitution was amended to provide that "[a]ll monetary payments, monies, and property collected from any person who has been ordered to make restitution shall be first applied to pay the amounts ordered as restitution to the victim."  (Cal. Const., art. I, § 28, subd. (b)(13)(c).)  Gomez argues this provision confers jurisdiction on a trial court to order distribution of seized money.  We reject Gomez's arguments.

As a preliminary matter, we take judicial notice of the DEA's Declaration of Forfeiture.  The Evidence Code permits a reviewing court to take judicial notice of any matter specified in Evidence Code section 452.  (Evid. Code, § 459, subd. (a).)  Accordingly, we may take judicial notice of official acts of the executive department of the United States.  (Evid. Code, § 452, subd. (c).)

The DEA seized the $12,090 recovered from Gomez's home.  This act removed the property from the court's jurisdiction.  (*People v. Icenogle* (1985) 164 Cal.App.3d 620, 624 [holding a criminal court does not possess money seized by federal agents; thus the money was not subject to a motion before that court].)  Therefore, the court did not have the ability to apply the seized funds to victim restitution.  We affirm the court's denial of Gomez's motion.

8

Because we decide the court did not have jurisdiction over the money seized from Gomez, we decline to address the remainder of his contentions.

DISPOSITION

The portion of the judgment awarding restitution on the dismissed counts is reversed.  In all other respects, the judgment is affirmed.  The matter is remanded to the trial court with directions to hold a restitution hearing in accordance with this opinion.

McINTYRE, Acting P. J.

WE CONCUR:

AARON, J.

IRION, J.