[No. G026062. Fourth Dist., Div. Three. May 18, 2000.]

PAUL WALTERS et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
MARIO UBINA et al., Real Parties in Interest.

**COUNSEL**

Joseph W. Fletcher, City Attorney, and Denah H. Yoshiyama, Assistant City Attorney, for Petitioners.

No appearance for Respondent.

Michael P. Giannini, Alternate Defender, J. Dean Allen and Doreen Boxer, Deputy Alternate Defenders, for Real Party in Interest Mario Ubina.

Tony Rackauckas, District Attorney, and Gregory J. Robischon, Assistant District Attorney, for Real Party in Interest People of the State of California.

**OPINION**

**CROSBY, J.**—This writ petition is brought by the Police Chief of the City of Santa Ana seeking review of an ex parte, confidential order issued by the supervising criminal courts judge permitting pretrial defense inspection and testing of a firearm booked in evidence in a murder case. Such orders are unauthorized and unlawful, and we issue our peremptory writ accordingly.

## I

The order was issued on September 7, 1999, without notice to the Orange County District Attorney or the City Attorney of Santa Ana. It directed the police department to allow a defense expert to perform a ballistics test in the department's laboratory. The court further ordered the department not to advise anyone except the defense of the testing or the name of the party doing the testing until the preliminary hearing or October 4, 1999, whichever came earlier. The city attorney's application to vacate the order or lift the gag order to permit notification of the district attorney was denied.[1]

The district attorney has now learned of the order, and we granted his request to appear as another real party in interest. At oral argument the deputy city attorney candidly admitted she was the source of the leak, although she and the deputy district attorney who received her call denied that she identified this case specifically.

## II

██ The alternate defender's rationale for its ex parte procedure is based on the premise that the Santa Ana Police Department is a third party holding evidence as an agent of the court. And, as such, the argument goes, the department is properly subject to confidential testing orders from the court on behalf of either side. This fundamental misconception of the structure of the criminal justice system is the root of the problem.

Before trial or an appropriate noticed motion and hearing, physical evidence collected by the prosecution *or* the defense does not "belong" to the court, even where the defense turns it over directly to a judge or preliminary hearing magistrate. Such evidence is subject to seizure by the prosecution by means of a search warrant. That is exactly what occurred in *People v. Lee* (1970) 3 Cal.App.3d 514 [83 Cal.Rptr. 715], where the public defender lodged a defendant's bloody shoes with the preliminary hearing magistrate to hold as a private citizen. The Court of Appeal held the evidence was properly seized for testing by the district attorney pursuant to a search warrant. (*Id.* at p. 526.) The prosecution, not the defense and not the court,

---

[1]The alternate defender tells us this case is moot because the district attorney has found out about the order, but that part of it giving the defense preference in testing the evidence is still outstanding. Moreover, the alternate defender apparently obtained a similar order from the same judge in at least one other case. In order to avert recurring incidents of this sort that might evade review before we can act, it is appropriate to resolve the important issue presented, even if it is moot in this particular instance. (See, e.g., *Leeb v. DeLong* (1988) 198 Cal.App.3d 47, 51-52 [243 Cal.Rptr. 494]; *Gordon J. v. Santa Ana Unified School Dist.* (1984) 162 Cal.App.3d 530, 533 [208 Cal.Rptr. 657].)

was entitled to the shoes at that stage of the proceedings. (*People v. Meredith* (1981) 29 Cal.3d 682, 695 [175 Cal.Rptr. 612, 631 P.2d 46] [no attorney-client privilege protects evidence removed, examined, and tested by the defense]; *People v. Sanchez* (1994) 24 Cal.App.4th 1012, 1019 [30 Cal.Rptr.2d 111] [same].)

Rights bring concomitant duties and responsibilities, however. Under *Brady v. Maryland* (1963) 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215], the prosecution is obliged to provide all exculpatory evidence to the defense. Moreover, "[r]esponsibility for *Brady* compliance lies exclusively with the prosecution, including the 'duty to learn of any favorable evidence known to the others acting on the government's behalf in the case.' (*Kyles* v. *Whitley* (1995) 514 U.S. 419, 437 [115 S.Ct. 1555, 1567, 131 L.Ed.2d 490] (*Kyles*).)" (*In re Brown* (1998) 17 Cal.4th 873, 878 [72 Cal.Rptr.2d 698, 952 P.2d 715].) In *Brown* our Supreme Court ordered a conditional new trial because a report in possession of the sheriff's crime laboratory tending to support the diminished capacity defense presented at trial was not turned over to defendant's counsel. The court so ruled even though the undisputed evidence was that the district attorney was never aware the report existed. The court explained, "Any other rule would leave the defendant's due process rights to the fortuity of a subordinate agency's procedural protocol, which the Supreme Court has squarely rejected. '[A]ny argument for excusing a prosecutor from disclosing what he does not happen to know about boils down to a plea to substitute the police for the prosecutor, and even for the courts themselves, as the final arbiters of the government's obligation to ensure fair trials.' (*Kyles, supra,* 514 U.S. at p. 438 [115 S.Ct. at p. 1568].)" (*In re Brown, supra,* at pp. 880-881.)

The alternate defender makes the unpersuasive argument that it is conducting an investigation in an independent entity's evidence locker, not engaging in discovery from the prosecution. *Brown,* of course, puts that notion to rest—and to the great benefit of the defense in most cases. The contents of a police evidence locker are the responsibility of the district attorney, not property in possession of some third party.

This stringent and salutary rule is designed to protect defendants' rights. How can the prosecutor's obligation to protect the integrity of the evidence, the inculpatory on behalf of the People, the exculpatory on behalf of the defense, be reconciled with defense ex parte access to it? The short answer is, it cannot.[2] The Santa Ana Police Department is not the detached third party the alternate defender imagines *for his present purpose*: "[T]he Supreme Court has unambiguously assigned the duty to disclose solely and

---

[2]This case illustrates the dangerous practice employed here. This is a murder prosecution, and Mario Ubina is not the only defendant. How can the prosecution vouch for the integrity

exclusively to the prosecution; those assisting the government's case are no more than its agents. [Citations.] By necessary implication, the duty is nondelegable at least to the extent the prosecution remains responsible for any lapse in compliance. Since the prosecution must bear the consequences of its own failure to disclose [citations], a fortiori, it must be charged with any negligence on the part of other agencies acting in its behalf." (*In re Brown, supra,* 17 Cal.4th at p. 881; see also *Arizona v. Youngblood* (1988) 488 U.S. 51 [109 S.Ct. 333, 102 L.Ed.2d 281]; *California v. Trombetta* (1984) 467 U.S. 479 [104 S.Ct. 2528, 81 L.Ed.2d 413].) The alternate defender claims, "California jurisprudence wholly supports a defendant's right to access to real evidence in possession of investigating agencies for the purposes of independent and confidential examination. This subject was decided in *Prince v. Superior Court* (1992) 8 Cal.App.4th 1176 [10 Cal.Rptr.2d 855]." There is some truth in that statement.

But the alternate defender seriously misstates the opinion when he avers, "Unlike the present case, an issue in *Prince* was that the proposed defense testing would destroy the existing small sample. Nevertheless, the Court held that the defendant has a due process right to test the DNA." That is not exactly what occurred in *Prince*. The sample that could only be tested once in *Prince* was submitted to a laboratory selected by the defendant "subject to the prosecution's consent" with the testing to be witnessed by forensic experts retained by both sides. That aspect of the order was not challenged by either one. (*Prince v. Superior Court, supra,* 8 Cal.App.4th at pp. 1178-1179.)

With respect to the issue that *was* before it, the *Prince* panel explained, "in [*People v. Cooper* (1991) 53 Cal.3d 771 [281 Cal.Rptr. 90, 809 P.2d 865]], the Supreme Court found the trial court did not err in denying a defense request to conduct an independent blood test *which would have consumed the entire sample*. Here, the court found there was enough semen on the swab to conduct two tests but required the defense to allow the People's presence if it chose to conduct a test. At oral argument both parties argued the equally divided swab can produce five tests for each party." (*Prince v. Superior Court, supra,* 8 Cal.App.4th at p. 1179.) Thus, the holding in *Prince* was merely that, *after a noticed motion and a complete hearing*, each side may do its own scientific test where a sample is sufficiently divisible and the defense should be able to conduct its test independent of observation by the district attorney in *that* situation. Nothing in *Prince* casts doubt on the notion that here, as there, an order accommodating all parties could have been fashioned had Ubina's counsel proceeded in an aboveboard fashion.

---

of its evidence—and prove the chain of custody at trial—if it has been tampered with by secretly authorized agents of one of the accused?

*Oziel v. Superior Court* (1990) 223 Cal.App.3d 1284 [273 Cal.Rptr. 196], according to the alternate defender, stands for the proposition that evidence collected by law enforcement "is held for the court." However, *Oziel* only says this: " 'But even as to property not yet offered or received in evidence we think that judicial control still exists.' " (*Id.* at p. 1293, quoting *Gershenhorn v. Superior Court* (1964) 227 Cal.App.2d 361, 366 [38 Cal.Rptr. 576].) Sure it does. An unending line of cases, *Brady* for example, permits the court to regulate the discovery of evidence. The prosecution's responsibility for the evidence does not translate to exclusive use, nor can the court's power to referee discovery disputes mutate into permitting ex parte "investigation" in a police (third party) evidence locker.[3]

As *Brown* teaches, the police are not third parties for these purposes and an examination of seized evidence is discovery, not "investigation." For this reason the alternate defender's argument that the reciprocal discovery procedures of Penal Code section 1054 et seq. do not apply here falls flat as well. The request for the ex parte order and the order itself were in clear violation of Penal Code section 1054.5.[4] It should not be necessary to remind the alternate defender about basic due process, notice, and an opportunity to

---

[3]The alternate defender's reliance on *Wardius v. Oregon* (1973) 412 U.S. 470 [93 S.Ct. 2208, 37 L.Ed.2d 82] and *Evans v. Superior Court* (1974) 11 Cal.3d 617 [114 Cal.Rptr. 121, 522 P.2d 681] is misplaced. *Wardius* held that due process was offended by requiring disclosure of defense alibi witnesses but not prosecution rebuttal witnesses. *Evans* merely extended a mutual right to demand a lineup to the defense. These cases have *nothing* to do with clandestine testing of the prosecution's own evidence. The prosecution has a heavy burden of proof and a heavy burden of responsibility to protect the public. For this reason it is afforded investigative tools, such as the grand jury and the ability to obtain search warrants, that the defense simply does not possess. Part of this process is that the prosecution is the repository of the evidence and responsible for its safekeeping. No legal authority we have encountered, and certainly not *Wardius* or *Evans*, supports the notion that an accused is entitled to ex parte access to that evidence, much less potentially destructive or altering testing on top of it.

[4]As pertinent, Penal Code section 1054.5 provides as follows: "(a) No order requiring discovery shall be made in criminal cases except as provided in this chapter. This chapter shall be the only means by which the defendant may compel the disclosure or production of information from prosecuting attorneys, law enforcement agencies which investigated or prepared the case against the defendant, or any other persons or agencies which the prosecuting attorney or investigating agency may have employed to assist them in performing their duties. [¶] (b) Before a party may seek court enforcement of any of the disclosures required by this chapter, the party shall make an informal request of opposing counsel for the desired materials and information. If within 15 days the opposing counsel fails to provide the materials and information requested, the party may seek a court order. Upon a showing that a party has not complied with Section 1054.1 or 1054.3 and upon a showing that the moving party complied with the informal discovery procedure provided in this subdivision, a court may make any order necessary to enforce the provisions of this chapter, including, but not limited to, immediate disclosure, contempt proceedings, delaying or prohibiting the testimony of a witness or the presentation of real evidence, continuance of the matter, or any other

be heard; but apparently we must. The district attorney *is* entitled to fundamental due process of law. (*Department of Corrections v. Superior Court* (1988) 199 Cal.App.3d 1087, 1092 [245 Cal.Rptr. 293].)

Let a peremptory writ of mandate issue directing the superior court to vacate its September 7, 1999 order to the Chief of Police of Santa Ana. The alternative writ is discharged.

Sills, P. J., and O'Leary, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied September 13, 2000.

---

lawful order. Further, the court may advise the jury of any failure or refusal to disclose and of any untimely disclosure."